J. A21022/16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

WELLS FARGO BANK, N.A. SUCCESSOR :    IN THE SUPERIOR COURT OF
BY MERGER TO WACHOVIA BANK, N.A., :        PENNSYLVANIA
                                   :
           Appellee         :
                                   :
               v.              :
                                   :
LISA FERRERI A/K/A LISA A. FERRERI,    :
                                   :
           Appellant       :       No. 403 EDA 2015

Appeal from the Order Entered January 16, 2015[1]
In the Court of Common Pleas of Montgomery County
Civil Division at No.: 2009-42684

BEFORE: BENDER, P.J.E., DUBOW, J., and MUSMANNO, J.

MEMORANDUM BY DUBOW, J.:           **FILED NOVEMBER 15, 2016**

     Appellant, Lisa Ferreri, defendant below, appeals from the January 16, 2015 Order entered in the Montgomery County Court of Common Pleas granting Appellee's Motion for Summary Judgment in this mortgage foreclosure action. We affirm.

     We adopt the facts as set forth by the trial court. **See** Trial Court Opinion, filed 10/27/15, at 1-5. In summary, Wachovia Bank, N.A. ("Wachovia") instituted this mortgage foreclosure action after Appellant

---

[1] Appellant purports to appeal from the Order entered on January 15, 2014. We note that the trial court dated its Order granting Summary Judgment in favor of Appellee on January 15, 2015, but the trial court did not file and enter this Order on the docket until the next day on January 16, 2015. We have changed the caption accordingly. **See** Pa.R.A.P. 108 (entitled "Date of Entry of Orders").

defaulted on her mortgage for 1516 Surrey Lane in Wynnewood, Pennsylvania, in the amount of $269,015.93. After serving Act 91[2] notice of its intent to foreclose, Wachovia eventually filed a second Amended Complaint. Appellant responded with an Answer that included general denials, and an admission that she mortgaged the property to Wachovia. Appellant also raised twenty-six affirmative defenses, which the trial court dismissed with prejudice.

On April 14, 2014, Wells Fargo Bank, N.A. ("Wells Fargo") became the plaintiff in this action pursuant to Pa.R.C.P. No. 2352 as Wachovia's successor by merger. On July 3, 2014, Wells Fargo filed a Motion for Summary Judgment. On August 1, 2014, Appellant filed her response admitting that she had executed the note and mortgage, that she was in default, and that Wells Fargo merged with Wachovia as its successor generally.

On January 16, 2015, the trial court granted Wells Fargo's Motion for Summary Judgment and entered Judgment on January 22, 2015. On January 26, 2015, Appellant filed a 424-page Motion for Reconsideration. On February 9, 2015, Appellant filed a Notice of Appeal before the trial court had ruled on Appellant's Motion for Reconsideration.

---

[2] Homeowners Emergency Mortgage Assistance Act ("Act 91"), 35 P.S. § 1680.401c *et seq*.

Both Appellant and the trial court complied with Pa.R.A.P. 1925.

Appellant presents four issues for our review:

> I. This Court has held that a foreclosing bank is not entitled to summary judgment when that bank cannot establish that it was the owner or holder in due course of the relevant promissory note when the mortgage foreclosure action was filed. Here, Wells Fargo has not established that it, or its predecessor in title, was the owner or holder in due course of the relevant promissory note when this mortgage foreclosure action was filed. Did the trial court commit an error of law or abuse its discretion when it granted Wells Fargo's Motion for Summary Judgment?
>
> II. Whether fraud has been committed is a question of fact. Homeowner has alleged that fraud has been committed by Wachovia Bank and Wells Fargo. Did the trial court commit an error of law or abuse its discretion when it granted Wells Fargo's Motion for Summary Judgment despite the existence of disputed issues of fact with respect to Homeowner's fraud claims?
>
> III. An Act 91 Notice is defective if it lists more than just the contact information for the county counseling agency where the property is located or when it is written on the mortgagee's letterhead. A defective Act 91 Notice requires dismissal of the action. The Act 91 Notice received by Homeowner included contact information for counseling agencies in at least five different counties and was written on Wachovia Bank's letterhead. Did the trial court commit an error of law or abuse its discretion when it granted summary judgment in favor of Wells Fargo, despite such evidence that the Act 91 Notice was defective?
>
> IV. The federal Real Estate Settlement Procedures and Truth In Lending Acts required Wells Fargo to provide certain information to Homeowner that was not provided in this case. Did the trial court commit an error of law or abuse its discretion when it granted summary judgment in favor of Wells Fargo, despite Homeowner's claims that Wells Fargo violated these federal laws?

Appellant's Brief at 4.

Each of Appellant's four issues challenge the trial court's Order granting summary judgment in favor of Appellee. Our Supreme Court has clarified our role as the appellate court as follows:

> On appellate review, then, an appellate court may reverse a grant of summary judgment if there has been an error of law or an abuse of discretion. But the issue as to whether there are no genuine issues as to any material fact presents a question of law, and therefore, on that question our standard of review is *de novo*. This means we need not defer to the determinations made by the lower tribunals. To the extent that this Court must resolve a question of law, we shall review the grant of summary judgment in the context of the entire record.

***Summers v. Certainteed Corp.***, 997 A.2d 1152, 1159 (Pa. 2010) (citations and quotation omitted).

A trial court may grant summary judgment "only in those cases where the record clearly demonstrates that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law." *Id*. (citation and quotation omitted); ***see also*** Pa.R.C.P. No. 1035.2(1). "When considering a motion for summary judgment, the trial court must take all facts of record and reasonable inferences therefrom in a light most favorable to the non-moving party." ***Summers***, ***supra*** at 1159 (citation omitted). "In so doing, the trial court must resolve all doubts as to the existence of a genuine issue of material fact against the moving party, and, thus, may only grant summary judgment where the right to such judgment is clear and free from all doubt." ***Id***. (citation and internal quotation marks omitted).

"Where the non-moving party bears the burden of proof on an issue, he may not merely rely on his pleadings or answers in order to survive summary judgment." ***Truax v. Roulhac***, 126 A.3d 991, 997 (Pa. Super. 2015), ***appeal denied***, 129 A.3d 1244 (Pa. 2015) (citation and quotation omitted). "Further, failure of a non-moving party to adduce sufficient evidence on an issue essential to his case and on which he bears the burden of proof establishes the entitlement of the moving party to judgment as a matter of law." ***Id****.* (citation and internal quotation marks omitted). "If there is evidence that would allow a fact-finder to render a verdict in favor of the non-moving party, then summary judgment should be denied." ***Id***. (citation and quotation omitted).

A trial court properly grants summary judgment in a mortgage foreclosure action "where the defendant[/mortgagor] admits that he had failed to make the payments due and fails to sustain a cognizable defense to the plaintiff's claim." ***Gateway Towers Condominium Ass'n v. Krohn***, 845 A.2d 855, 858 (Pa. Super. 2004); ***see also Bank of America , N.A. v. Gibson***, 102 A.3d 462, 465 (Pa. Super. 2014), ***appeal denied***, 112 A.3d 648 (Pa. 2015) (holding that entry of summary judgment is proper if the mortgagor admits that: (1) the mortgage is in default; (2) the mortgagor has failed to pay the obligation; and (3) the recorded mortgage is in the specified amount). Where specific denials are required, general denials to

averments in a Complaint constitute admissions. Pa.R.C.P. No. 1029(b); *see, e.g., Bank of America*, *supra* at 466-67.

In her first issue, Appellant avers the trial court improperly granted Wells Fargo's Motion for Summary Judgment because Wells Fargo failed to prove it was the "owner or holder in due course of the relevant promissory note when the mortgage foreclosure action was filed." Appellant's Brief at 4. Appellant's claim essentially challenges Appellee's standing to proceed with the mortgage foreclosure action.[3]

The law is clear that only "the real party in interest" may prosecute a legal action. Pa.R.C.P. No. 2002(a). "[T]he mortgagee is the real party in interest in a foreclosure action." *PHH Mortgage Corp. v. Powell*, 100 A.3d 611, 619 (Pa. Super. 2014) (citation omitted). Generally, when the original mortgagee company merges with another company, the surviving corporation becomes the mortgagee under the mortgage agreement, as it "succeeds to both the rights and obligations of the constituent corporations," rendering the surviving corporation the real party in interest in a mortgage foreclosure action. *See Park v. Greater Delaware Valley Sav. & Loan Ass'n*, 523 A.2d 771, 775-76 (Pa. Super. 1987); 12 U.S.C. § 215a(e); 7 P.S. § 1606.

---

[3] Insofar as Appellant relies on *Nanty-Glo v. American Surety Co.*, 163 A. 523 (Pa. 1932), for the first time on appeal, Appellant has waived such an argument by failing to present it in the lower court. Pa.R.A.P. 302(a).

No assignment or indorsement is necessary to bestow upon the surviving bank the status of the real party in interest to enforce a debt owed to its predecessor. 12 U.S.C. § 215a(e); 7 P.S. § 1606. This assumes, however, that the predecessor in interest was, at the time of the merger, itself entitled to enforce the note. Unless the predecessor in interest has the right to enforce the note, the successor by merger does not acquire the right to enforce the note. 13 Pa.C.S. § 3302(c). **See also J.P. Morgan Chase, N.A. v. Murray**, 63 A.3d 1258, 1267-68 n.6 (Pa. Super. 2013) (implying that succession by merger is sufficient proof to show ownership of note and mortgage).

As the trial court noted in its Opinion, Appellant admitted that she obtained a loan from Wachovia and executed a note and mortgage in favor of Wachovia. **See** Answer to Second Amended Complaint, R.R. at 26a; Response in Opposition to Motion for Summary Judgment, R.R. at 70a-71a. When Appellant defaulted, Wachovia, as the original mortgagee, commenced the instant mortgage foreclosure action by filing a Complaint in 2009. Docket Entry from 12/11/2009, R.R. at 1a. As a result of Wachovia's merger with Appellee Wells Fargo, Wells Fargo became the plaintiff as Wachovia's successor, pursuant to Pa.R.C.P. No. 2352. **See also** Docket Entry from 4/14/2014, R.R. at 2a. Appellant admitted that Wells Fargo is Wachovia's successor by merger "in general" and that it acquired Wachovia's

assets in 2010.  Response in Opposition to Motion for Summary Judgment, R.R. at 71a.

By virtue of statutory authority and case law, and most significantly Appellant's own admissions, there is no question that Wells Fargo had standing to enforce the note.  Appellant's assertions to the contrary are baseless.

In her second issue, Appellant avers that the trial court improperly granted Wells Fargo's Motion for Summary Judgment because there is a question of fact as to Appellant's fraud claims that she asserted in her Response to the Motion for Summary Judgment, her Motion for Reconsideration, and her Pa.R.A.P. 1925(b) Statement.

In order to raise a genuine issue of material fact at summary judgment, a defendant must do more than rest on the pleadings; he or she must meet the burden of producing facts to counter the plaintiff's averments.  ***N.Y. Guardian Mortg. Corp. v. Dietzel***, 524 A.2d 951, 952-53 (Pa. Super. 1987); Pa.R.C.P. No. 1035.3 ("adverse party may not rest upon the mere allegations or denials of the pleadings but must file a response…identifying (1) one or more issues of fact arising from evidence in the record controverting the evidence cited in support of the motion or from a challenge to the credibility of one or more witnesses testifying in support of the motion, or (2) evidence in the record establishing the facts essential

to the cause of action or defense which the motion cites as not having been produced.").

In addressing this issue, the trial court concluded as follows:

[Appellant's] fourteenth assignment of error lacks merit. It presumes, falsely, that [Appellant] presented to this court in opposition to the [Appellee]'s [M]otion for [S]ummary [J]udgment competent evidence to support the assertions now made on appeal that loan application information was fabricated, that the loan made was predatory, or any other of the assertions [Appellant] now makes by her fourteenth assignment of error. [Appellant's] fourteenth assignment of error lacks merit.

Trial Court Opinion at 12-13, 16. We agree.

Appellant did not attach any affidavits to her Response in opposition to Appellee's Motion for Summary Judgment or her "Sur-Sur Reply[.]" Instead, Appellant relied exclusively on averments or denials contained in her Response to the Motion for Summary Judgment. She failed to attach any evidence to support her opposition to Wells Fargo's Motion for Summary Judgment. Although Appellant included several exhibits related to Fannie Mae, the merger between Wachovia and Wells Fargo, and Wachovia's Act 91 Notice in her "Sur-Sur Reply[,]" these exhibits did not relate to or support her fraud claims.

After the trial court granted Appellee's Motion for Summary Judgment, Appellant filed a 424-page Motion for Reconsideration and annexed affidavits from a certified fraud examiner and a securitization analyst, and a letter from a second certified fraud examiner to support her averment that "the bank was taking advantage of the limited understanding of interest rates of

an elderly woman and using predatory and deceptive practices." Appellant's Motion for Reconsideration, Exhibit A, R.R. at 191a. This was the first and only "evidence" of fraud or predatory lending practices presented to the trial court to support her opposition to the Motion for Summary Judgment. Appellant filed her Notice of Appeal before the trial court ruled on her Motion for Reconsideration, and the trial court never permitted Appellant to supplement her Response to the Motion for Summary Judgment with these additional exhibits. The trial court committed no error of law and did not abuse its discretion in concluding that Appellant had presented no issue of fact that would preclude summary judgment. Appellant's argument to the contrary lacks merit.

In her third issue, Appellant avers that because the Act 91 Notice was defective, the trial court improperly refused to dismiss the mortgage foreclosure action. Appellant contends that the Notice violated Act 91 because it was printed on Wachovia letterhead, failed to accurately summarize the balance due, and included a list of numerous counseling agencies rather than just the agency in Appellant's county. This issue lacks merit.

Act 91 requires a mortgagee pursuing foreclosure to send notice to a mortgagor advising her of the delinquency and providing 30 days to have a face-to-face meeting with the mortgagee or with a consumer credit counseling agency to attempt to resolve the delinquency. 35 P.S. §

1680.403c(a), (b)(1). The purpose of Act 91 Notice is "to instruct the mortgagor of different means [s]he may use to resolve [her] arrearages in order to avoid foreclosure on [her] property and also [to give] a timetable in which such means must be accomplished." **Wells Fargo Bank, N.A. v. Monroe**, 966 A.2d 1140, 1142 (Pa. Super. 2009).

In the instant case, Appellee filed a copy of the Act 91 Notice as an Exhibit to its Motion for Summary Judgment. **See** Appellee's Motion for Summary Judgment, 7/3/14, Exhibit D; R.R. at 826a. In addressing Appellant's challenge to the Notice, the trial court observed:

> First, [Appellant] failed to present [] the notices that she actually received and she failed to present any evidence to show how the notices presented by the [Appellee] were at variance with the amounts she actually owed on her mortgage. Second, [Appellant] failed to challenge the notices she received on the ground that too many [counseling] agencies were listed. [] In any event, the [Appellant] failed to respond to the [Appellee's] [M]otion for [S]ummary [J]udgment with any evidence that the notices she received in any way confused her or otherwise caused her to default on her mortgage. [Appellant]'s [] assignment of error lacks merit.

Trial Court Opinion at 12 (citation omitted).

Based on our thorough review of the record, we discern no abuse of discretion or error of law in the trial court's disposition of this issue. Accordingly, Appellant's third claim does not merit relief.

In her fourth issue, Appellant contends that Wells Fargo violated (1) the Truth In Lending Act ("TILA") by failing to respond to her request to identify the owner of the mortgage; and (2) the Real Estate Settlement

Procedures Act ("RESPA") by failing to respond to a request for information about the note and the mortgage. This issue is waived.

As noted *supra*, issues not raised in the trial court are waived for purposes of appeal. Pa.R.A.P. 302(a). This Court has previously held that "a non-moving party's failure to raise grounds for relief in the trial court as a basis upon which to deny summary judgment waives those grounds on appeal." *Harber Philadelphia Center City Office Ltd. v. LPCI Ltd. P'ship*, 764 A.2d 1100, 1105 (Pa. Super. 2000). These strategic choices in the lower court are consequential because the "decision to pursue one argument over another carries the certain consequence of waiver for those arguments that could have been raised but were not." *Id*.

The trial court here concluded that Appellant waived her TILA and RESPA claims pursuant to Pa.R.A.P. 302(a) because Appellant did not present these arguments in the lower court in her Response to the Motion for Summary Judgment. *See* Trial Court Opinion at 1; Appellee's Brief at 53. Instead, Appellant presented only a general objection to the calculation of finance charges based on TILA. She failed to present any issues related to Wells Fargo's failure to respond under TILA or any issues related to RESPA. As a result, Appellant has waived this fourth claim of error on appeal.

J. A21022/16

In summary, we discern no abuse of discretion or error of law and affirm the trial court's January 16, 2015 Order granting Summary Judgment in favor of Wells Fargo.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/15/2016



2009-42684-0102  10 27 2015 10:14 AM  = 10531831
Opinion
Rcpt=Z2556898 Fee:$0.00
Mark Levy - MontCo Prothonotary

IN THE COURT OF C                         TY, PA

CIVIL DIVISION

| | | |
|---|---|---|
| WELLS FARGO BANK, N.A., Successor by Merger to Wachovia Bank, N.A. | : : : | **2009-42684** **403 EDA 2015** |
| vs. | : : | |
| LISA FERRARI a/k/a LISA A. FERRARI | : : | **IN MORTGAGE FORECLOSURE** |

## OPINION

**BARRETT, J.**                                          OCTOBER 26 , 2015

Defendant Lisa Ferrari has filed a notice of appeal from this court's order dated January 15, 2015, entered of record on January 16, 2015. That order granted the plaintiff's motion for summary judgment in this *in rem* action sounding in mortgage foreclosure.

### I. PROCEDURAL HISTORY

On May 13, 2010, the original plaintiff, Wachovia Bank, National Association, filed its second amended complaint by which it alleged: (1) that defendant Lisa Ferrari gave a mortgage to the original plaintiff for the real property she owned at 1516 Surrey Lane, Wynnewood, Pennsylvania; (2) that the defendant was in default because she had not paid any principal or interest in over a year; (3) that the defendant owed $269,015.93 on the mortgage; and (4) that proper notice of intention to foreclose was served upon the defendant. *See* Second Amended Complaint, 5/13/10, #0009, ¶¶ 3-6. As an exhibit to the second amended complaint, the original plaintiff attached mortgage papers dated July 10, 2006, signed by the defendant, bearing the recordation mark of the Montgomery County Recorder of Deeds. Second Amended Complaint, 5/13/10, #0009 (Exhibit "A").

On September 10, 2010, the defendant filed an answer to the second amended complaint. Defendant admitted expressly that she had mortgaged her property at 1516 Surrey Lane. Defendant's Answer, 9/10/10, #0022, ¶ 2. To the remainder of the original plaintiff's allegations, the defendant responded "Denied" while admitting that she had given the mortgage to "Wachovia Bank National Association." Defendant's Answer, 9/10/10, # 0022, ¶ 3.[1] Defendant also filed a list of twenty-six affirmative defenses designated as new matter. *See* New Matter, 9/10/10, #0022, pp. 1-7. Defendant also purported to set forth five separate counterclaims arising from the original plaintiff's conduct in originating the mortgage loan or in collecting payment. *See* Counterclaim, ¶¶ 27-42. By order entered on October 20, 2011, the Honorable William R. Carpenter, of this court, dismissed the defendant's new matter and counterclaims, with prejudice, upon consideration of the original plaintiff's preliminary objections.

On November 2, 2011, the original plaintiff served upon the defendant a request for admissions. Motion for Summary Judgment, 7/3/14, #0054, ¶ 12; Response, 8/1/14, #0055, ¶ 12 (noting that the request was served upon defendant's prior counsel). That request asked the defendant to admit: (1) the principal and interest due on the mortgage; (2) that the original plaintiff properly served on the defendant the required legal notices; and (3) that the original plaintiff is entitled to collect attorney's fees. *See* Motion for Summary Judgment, 7/3/14, #0054, (Exhibit "H"). Defendant did not respond to the original plaintiff's request for admissions. Motion, 7/3/14, #0054, ¶ 12. *See* Response, 8/1/14, #0055, ¶ 12 (ignoring the substance of

---

[1] Defendant did so while denying that she had given the mortgage to "Wachovia Bank National Association Wachovia Bank DSR D4003-014." Defendant's Answer, 9/10/10, #0022, ¶ 1. Defendant made that denial mistakenly believing that the original plaintiff's mailing address, that being "Wachovia Bank DSR D4003-014," was part of its name.

2

original plaintiff's allegation and denying that defendant "ever served on Defendant's *current counsel* any Request for Admissions.") (emphasis added).

On April 14, 2014, Wells Fargo Bank, N.A., became the plaintiff in this action by asserting its right to substitution by filing its "Substitution of Successor Plaintiff Under Rule 2352." That filing indicated that "[o]n March 20, 2010, Wachovia Bank, M.A. merged with Wells Fargo Bank, N.A. and the resulting bank is Wells Fargo Bank, N.A." Substitution, 4/14/14, #0053, ¶ 2. Contemporaneously with its substitution, the plaintiff filed a certificate of service indicating that the substitution was served upon the defendant on April 14, 2015. Defendant filed no opposition to the substitution.[2]

On July 3, 2014, the plaintiff filed its motion for summary judgment, based on the defendant's general denials to the second amended complaint, and based on the defendant's failure to respond to the requests for admissions. Plaintiff averred in its motion that the original plaintiff had been merged into the plaintiff and that that the plaintiff possessed the note that the defendant had given to the original plaintiff. Motion for Summary Judgment, 7/3/14, #0054, ¶¶ 5-6. *See also* Plaintiff's Reply, 8/19/14, #0058, ¶ 4 (reasserting that "Wells Fargo Bank, N.A. is the successor mortgagee."). To its motion, the plaintiff attached a certificate of service indicating that a copy of the motion was served upon defendant on July 3, 2014.

On August 1, 2014, the defendant filed her response to the plaintiff's motion for summary judgment. Defendant admitted that she had executed the note and mortgage, and that she was in default. Similarly, the defendant conceded that that the plaintiff had obtained the original plaintiff's assets in 2010 and that the plaintiff was the original plaintiff's successor, in

---

[2] There was no factual dispute as to whether the plaintiff was generally the successor to the original plaintiff. *See* Response to Motion for Summary Judgment, 8/1/14, #0055, ¶ 2 ("It is also admitted that Wells Fargo Bank, N.A. is the successor to Wachovia Bank[,] in general, having obtained the assets of Wachovia Bank in 2010."). *See also* Motion for Summary Judgment, Exhibit "C" (merger documentation).

3

general. Response, 8/1/14, #0055, ¶ 2.[3] Defendant attached to her response no exhibits, however, the defendant nevertheless opposed the plaintiff's motion on four discernable grounds. The first of these was that the "[defendant] entered into the Note and loan due to fraudulent actions of [the original] Plaintiff." Response, 8/1/14, #0055, ¶ 2. *See also* Response, 8/1/14, #0055, ¶ 25 (referring to predatory loan practices); Response, 8/1/14, #0055, ¶ 29 (alleging fraud in the inducement); Response, 8/1/14, #0055, ¶ 30 (alleging "additional fraudulent acts").

The second defense was that the original plaintiff forfeited its right to enforce either the note or the mortgage when it "transferred" the note or the mortgage to the Federal National Mortgage Association ("Fannie Mae") before the original plaintiff sold its assets to the plaintiff. Response, 8/1/14, #0055, ¶ 28. *See also* Response, 8/1/14, #0055, ¶ 2 ("Wells Fargo Bank, N.A. is [not] the holder in due course or other valid owner of the Note."); Response, 8/1/14, #0055, ¶ 23 (asserting that the original plaintiff sold "the loan" to "private investors"); Response, 8/1/14, #0055, ¶ 6 ("Plaintiff is [not] the current holder of the Mortgage and has [no] right to enforce it."); Response, 8/1/14, #0055, ¶¶ 3, 14-16.

Defendant's third defense was that "the Property is [not] encumbered by the Mortgage." Response, 8/1/14, #0055, ¶ 4. This was apparently because the defendant claimed that the original plaintiff violated a pooling and servicing agreement when it "record[ed] Defendant's home equity line of credit in first position on the Mortgage and recording the Mortgage in second position, . . ." Response, 8/1/14, #0055, ¶ 24.

---

[3] However, the defendant took the position that the plaintiff could not have acquired the note from the original plaintiff by way of succession, as follows:
> Plaintiff, Wells Fargo, is not the successor in interest by operation of merger to the initial lender, because the loan was securitized prior to the date of merger and had been transferred from Wells Fargo to at least one other entity. Specifically, the Federal National Mortgage Association ("Fannie Mae") had claimed to own the Note prior to that time.

Response, 8/1/14, #0055, ¶ 28.

4

The fourth defense asserted was that the notices defendant received failed to comply with 41 P.S. §§ 403(b), *et seq.*, and 35 P.S. §§1680.403c, *et seq.* Response, 8/1/14, #0055, ¶ 8. *See also* Response, 8/1/14, #0055, ¶ 22 ("Specifically, Defendant was never given the opportunity to meet the lender in person, as required, since Plaintiff is not the true lender in this matter. Defendant was not provided the proper payoff amount as required by the notice.").

The parties presented oral argument to the undersigned on January 15, 2015. By order dated January 15, 2015, entered of record on January 16, 2015, the court granted the plaintiff's motion for summary judgment. Accordingly, an *in rem* judgment was entered in favor of the plaintiff and against the defendant on January 22, 2015, pursuant to the praecipe filed by the plaintiff on that date.

On January 26, 2015, the defendant filed a 20 page motion for reconsideration of this court's order dated January 15, 2015. With its attachments, the defendant's motion for reconsideration totaled 424 pages. The undersigned had not yet decided the defendant's motion for reconsideration when the defendant filed a notice of appeal, on February 9, 2015.

On March 10, 2015, the defendant filed a concise statement of errors complained of on appeal, as directed by this court's order entered on February 17, 2015. The defendant's assignments of error for appeal span seven typewritten pages will not be set out here at length, but will rather be quoted as appropriate below, owing to their length.

## II. DISCUSSION

A motion for summary judgment is properly granted when "the pleadings, depositions, answers to interrogatories, admissions on file, and affidavits demonstrate that there exists no genuine issue of material fact and the moving party is entitled to judgment as a matter of law." *Horne v. Haladay*, 728 A.2d 954, 955 (Pa.Super.1999) (citing Pa. R. Civ. P. 1035.2). "In actions

5

for *in rem* foreclosure due to the defendant's failure to pay a debt, summary judgment is proper where the defendant admits that he had failed to make the payments due and fails to sustain a cognizable defense to the plaintiff's claim. *Gateway Towers Condominium Ass'n v. Krohn*, 845 A.2d 855 (Pa.Super. 2004) (citing *First Wis. Trust Co. v. Strausser*, 439 Pa.Super. 192, 653 A.2d 688, 694 (1995)). *See also Cunningham v. McWilliams*, 714 A.2d 1054, 1057 (Pa.Super. 1998) ("In a mortgage foreclosure action, summary judgment is properly granted where 'the mortgagors admit that the mortgage is in default, that they have failed to pay interest on the obligation, and that the recorded mortgage is in the specified amount.'") (citing *Landau v. Western Pennsylvania National Bank*, 445 Pa. 217, 225-26, 282 A.2d 335, 340 (1971)). A defendant admits the material portions of a complaint in mortgage foreclosure, by operation of Pa.R.C.P. 1029, when that defendant files an answer containing general denials. *E.g.*, Bank of America, N.A. v. Gibson, 102 A.3d 462 (Pa.Super. 2014). *See also First Wisconsin Trust Co. v. Strausser*, 653 A.2d 688, 692 (Pa.Super. 1995) ("in mortgage foreclosure actions, general denials by mortgagors that they are without information sufficient to form a belief as to the truth of averments as to the principal and interest owing must be considered an admission of those facts") (citing *New York Guardian Mortgage Corp. v. Dietzel*, 524 A.2d 951, 952 (1987)).

Here, in the matter now on appeal, the case is squarely within the rule by which general denials to a complaint in mortgage foreclosure amount to admissions justifying the grant of summary judgment. Here, the defendant responded "denied" to all of the plaintiff's material allegations. Moreover, the defendant's failure to respond to the requests for admissions propounded by the plaintiff established the plaintiff's *prima facie* claim in mortgage foreclosure as "[t]he matter is admitted unless, within thirty days after service of the request, or within such shorter or longer time as the court may allow, the party to whom the request is directed serves

6

upon the party requesting the admission an answer verified by the party or an objection, signed by the party or the party's attorney." Pa.R.C.P 1014(b). *See also* Pa.R.C.P. 1014(d) (setting forth the general rule that such deemed admissions are "conclusively established"). This court properly granted the plaintiff's motion for summary judgment.

This court will next address the assignments of error the defendant set forth in her concise statement.

### 1. Defendant's First Assignment of Error

Defendant's first assignment of error is as follows:

> 1. Defendant intends to complain on appeal all issues raised both at oral argument and in the pleadings. Pursuant to Rule 1925(b)(4)(vi), because the Court's Order dated January 15, 2015 states no reasons for the granting of Plaintiff's Motion for Summary Judgment, this Statement is being expressed in only general terms. Defendant reserves the right to address issues in any opinion of the Court which did not previously appear of record. See *Ryan v. Johnson*, 522 Pa. 555, 563 A.2d 1237 (1989). Furthermore, to the extent that this Honorable Court is not basing its decision in any way on the errors of which Defendant has complained, Defendant reserves the right to amend this statement to take into account the specific errors which defendant can discern from an opinion of this Honorable Court.

Concise Statement, 3/10/15, #0078, p. 2.

This assignment of error raises no cognizable issue on appeal. Rather, it is a purported reservation of appellate rights. Defendant by this paragraph set forth no grounds to support reversing the order entered by this court granting the plaintiff's motion for summary judgment.

### 2. Defendant's Second Assignment of Error

Defendant's second assignment of error is as follows:

> 2. This Honorable Court erred when it granted summary judgment in favor of Plaintiff, because there are material facts in question on which there is a general dispute. Plaintiff's use of an affidavit from a bank officer who was in no way ever involved in the

7

transactions concerning this matter should have been disregarded as the basis for a motion for summary judgment. See Nanty-Glo v. American Surety Co., 309 Pa. 236, 163 A.2d 523 (1932).

Concise Statement, 3/10/15, #0078, pp. 2-3.

This assignment of error lacks merit as it is unsupported in fact since it presumes that this court granted the plaintiff's motion for summary judgment in sole reliance upon the affidavit by the plaintiff's bank officer. As noted above, the plaintiff set forth a *prima facie* case in mortgage foreclosure in its second amended complaint and in its requests for admissions. Defendant's deemed admissions were sufficient grounds to entitle the plaintiff to grant of its motion for summary judgment. Defendant's second assignment of error lacks merit.

### 3. Defendant's Third Assignment of Error

Defendant's third assignment of error is as follows:

> 3. This Honorable Court erred by applying an incorrect standard when it granted summary judgment in favor of Plaintiff by failing to rule in favor of the non-moving party. "Lastly, we will view the record in the light most favorable to the non-moving party, and all doubts as to the existence of a genuine issue of material fact must be resolved against the moving party." *JP Morgan Chase Bank N.A. v. Murray*, 63 A.3d 1258, 1268 (Pa. Superior Court, 2013).

Concise Statement, 3/10/15, #0078, p. 3.

This assignment of error lacks merit as it is unsupported in fact since it presumes that the record as developed contained evidence that required a determination of fact. As noted above, the defendant failed to adequately respond to the second amended complaint and the defendant failed to respond at all to the requests for admissions. Defendant's judicial admissions removed from consideration any need for this court to weigh any evidence. Defendant's third assignment of error lacks merit.

8

## 4. Defendant's Fourth Assignment of Error

Defendant's fourth assignment of error is as follows:

> 4. This Honorable Court erred when it granted summary judgment in favor of Plaintiff by failing to consider the effects of the decision of the Pennsylvania Superior Court in *JP Morgan Chase Bank N.A. v. Murray*, 63 A.3d 1258, 1268 (Pa. Superior Court, 2013), holding that a genuine issue of material fact to preclude summary judgment exists where Plaintiff "has failed to establish possession of the original Note, indorsed in blank."

Concise Statement, 3/10/15, #0078, p. 3.

This assignment of error lacks merit because it ignores the fact that the defendant in the matter now on appeal admitted that she gave the note and mortgage to the original plaintiff and she admitted that the substituted plaintiff acquired the assets of the original plaintiff, which would include the note and mortgage, necessarily. In *JP Morgan Chase Bank N.A. v. Murray*, 63 A.3d 1258 (Pa.Super. 2013), the defendant challenged the evidence supporting the chain of ownership by assignment of the note and mortgage. In *JP Morgan Chase Bank N.A. v. Murray*, 63 A.3d 1258 (Pa.Super. 2013), it was taken as given that the appellee would own the mortgage and note following a succession and merger, if there were sufficient proof of the chain of the underlying assignments. Here, in the matter now on appeal, there are no assignments. The case of *JP Morgan Chase Bank N.A. v. Murray*, 63 A.3d 1258 (Pa.Super. 2013) militates against the defendant in this appeal because it implies that succession by merger is sufficient proof to show ownership of a note and mortgage to support the entry of summary judgment. Defendant's fourth assignment of error lacks merit.

## 5. Defendant's Fifth Assignment of Error

Defendant's fifth assignment of error is as follows:

> 5. This Honorable Court erred when it granted summary judgment in favor of Plaintiff in finding that Plaintiff was a holder

9

in due course of the note in question (the "Note") or that Plaintiff was ever in physical possession of the Note, or ever an owner of the Note, as Plaintiff presented no evidence of those facts.

Concise Statement, 3/10/15, #0078, p. 3.

This assignment of error lacks merit for the same reason that the defendant's fourth assignment of error lacks merit. The matter now on appeal is a case where the defendant admitted that she gave the note and mortgage to the original plaintiff and she admitted that the plaintiff acquired the assets of the original plaintiff. Defendant's fifth assignment of error lacks merit because it ignores these admissions.

### 6. Defendant's Sixth Assignment of Error

Defendant's sixth assignment of error is as follows:

> 6. This Honorable Court erred when it granted summary judgment in favor of Plaintiff when it permitted Plaintiff to argue as agent, as successor by merger, and as owner of the Note without proof of standing to proceed in any of these roles. As a result, this Honorable Court failed to require Plaintiff to prove standing in any capacity while commencing this action. In Plaintiff's response to a formal inquiry by Defendant's agent, Marie McDonnell, Wells Fargo produced documents that clearly admit that they are not the owner nor the assignee, but are at best a servicer of an undetermined entity.

Concise Statement, 3/10/15, #0078, pp. 3-4.

Defendant's sixth assignment lacks merit as raising matters not presented in response to the plaintiff's motion for summary judgment. Defendant filed a response on August 1, 2014, a sur-sur reply on September 18, 2014, and a brief on September 18, 2014. There is no mention of Ms. McDonnell in any of these papers. There is no mention of the documents she purportedly obtained and they were not filed as exhibits in response to the plaintiff's motion. Accordingly, the defendant's sixth assignment of error raises matters that where *de hors* the record presented to this court.

10

## 7. Defendant's Seventh Assignment of Error

Defendant's seventh assignment of error is as follows:

> 7. This Honorable Court erred when it granted summary judgment in favor of Plaintiff by failing to consider the effect of the holdings in the case of *Montgomery County, Pa. ex rel. Becker v. MERSCORP, Inc.*, No. 11-cv-6968, 2014 WL 550805 (E.D. Pa. February 12, 2014), and its holding that every transfer of a mortgage is a conveyance and needs to be recorded, which Plaintiff has failed to do so in this case.

Concise Statement, 3/10/15, #0078, p. 4.

Defendant's seventh assignment of error lacks merit for the same reason that *JP Morgan Chase Bank N.A. v. Murray*, 63 A.3d 1258 (Pa.Super. 2013) does not control. In the matter now on appeal there were no assignments of the mortgage. Defendant's seventh assignment of error lacks merit.

## 8. Defendant's Eighth Assignment of Error

Defendant's eighth assignment of error is as follows:

> 8. This Honorable Court erred when it granted summary judgment in favor of Plaintiff by failing to consider the responses of Plaintiff to the inquiries of Defendant's agent, Marie McDonnell, to Plaintiff on behalf of Defendant as set forth in Federal law with regard to the question of note ownership, in essence failing to consider the effect of Plaintiff's admission that neither Wells Fargo nor Wachovia is the owner or the assignee of the Note.

Concise Statement, 3/10/15, #0078, p. 4.

Defendant's eighth assignment lacks merit as raising matters not presented in response to the plaintiff's motion for summary judgment, as addressed previously.

## 9. Defendant's Ninth Assignment of Error

Defendant's ninth assignment of error is as follows:

> 9. This Honorable Court erred when it granted summary judgment in favor of Plaintiff by failing to consider the expert testimonies of

11

William McCaffrey, Marie McDonnell, and Amy Andersson. All three experts have testified to Plaintiff not having the standing to bring the action as well as to the improper amounts due, their method of being calculated, and amounts already paid.

Concise Statement, 3/10/15, #0078, p. 4.

Defendant's ninth assignment of error lacks merit as raising matters not presented in response to the plaintiff's motion for summary judgment, as addressed previously. It should be noted that there was no testimony in this case, expert or otherwise. To the extent the defendant might be referring to deposition testimony, no transcripts were filed in response to the plaintiff's motion for summary judgment. Defendant's ninth assignment of error lacks merit.

## 10. **Defendant's Tenth Assignment of Error**

Defendant's tenth assignment of error is as follows:

> 10. This Honorable Court erred when it granted summary judgment in favor of Plaintiff by failing to consider that Plaintiff has twice deceived the Court by presenting to the Court fraudulent and defective notices with improper amounts due that are not true and correct copies of the notices actually received by Defendant. Plaintiff attempts to hide the fact that Plaintiff has twice sent notices with counselling agencies in multiple counties instead of only Defendant's county. Proper notification is required in Pennsylvania to commence a foreclosure action. 35 P.S. 1680.403c. See *Washington Mutual v. Carr*, CCP Adams County (July 5, 2006), published in Adams Co. Legal Journal, Vol. 49, No. 4, pp. 17-21, June 15, 2007. Act 91 notice defective, foreclosure complaint dismissed because notice included a list of all counseling agencies in Pennsylvania rather than a list of agencies in the country in which the property was located.

Concise Statement, 3/10/15, #0078, pp. 4-5.

Defendant's tenth assignment of error lacks merit as raising matters not presented in response to the plaintiff's motion for summary judgment. First, the defendant failed to present to this court the notices that she actually received and she failed to present any evidence to show how the notices presented by the plaintiff were at variance with the amounts she actually owed

12

on her mortgage. Second, the defendant failed to challenge the notices she received on the ground that too many counselling agencies were listed. *See*, Brief, 9/18/14, #0062, pp. 13-14 (setting forth nothing more than a block quote from the Ohio opinion *PNC Bank, National Association v. West*, Case No. 12CA0061 (OH Ct. App., Dist 9, Jan. 21, 2014). In any event, the defendant failed to respond to the plaintiff's motion for summary judgment with any evidence that the notices she received in any way confused her or otherwise caused her to default on her mortgage. Defendant's tenth assignment of error lacks merit.

### 11. Defendant's Eleventh Assignment of Error

Defendant's eleventh assignment of error is as follows:

> 11. This Honorable Court erred when it granted summary judgment in favor of Plaintiff by failing to consider the subordination and lien position of the subject loan.

Concise Statement, 3/10/15, #0078, p. 5.

Defendant's eleventh assignment of error lacks merit as it refers to the defendant's argument that the "[p]laintiff or its predecessor" forfeited its rights under the mortgage for "materially violating [the] terms of a pooling and service agreement ('PSA')." Response, 8/1/14, #0055, ¶ 24. *See also* Sur-Sur Reply, 9/18/14, #0061, ¶ 7. In no way did the defendant make clear to this court how she can raise as a defense, in the matter now on appeal, the alleged breach of a contract to which she is not a party. *Accord In re Walker*, 466 B.R. 271, 284 (Bkrtcy. E.D.Pa. 2012) ("[w]hatever the context, it appears that a judicial consensus has developed holding that a borrower lacks standing to (1) challenge the validity of a mortgage securitization or (2) request a judicial determination that a loan assignment is invalid due to noncompliance with a pooling and servicing agreement, when the borrower is neither a party to nor a third party

13

beneficiary of the securitization agreement, *i.e.,* the PSA.") (citation omitted). Defendant's eleventh assignment of error lacks merit.

### 12. Defendant's Twelfth Assignment of Error

Defendant's twelfth assignment of error is as follows:

> 12. This Honorable Court erred when it granted summary judgment in favor of Plaintiff by failing to consider Federal National Mortgage Association's ("Fannie Mae") claim of ownership of the loan along with the supporting expert testimony to this fact as well as Plaintiff's own admission of lack of ownership. Pa 1141-1150 states that Plaintiff in a mortgage foreclosure must set forth parties to the mortgage, any assignments, and a statement of the place of record of the mortgage and assignments. *Wells Fargo v. Janosick,* CCP Allegheny County (March 23, 2009).

Concise Statement, 3/10/15, #0078, p. 5.

Defendant's twelfth assignment of error lacks merit as it presumes, falsely, that there were any assignments in this case, just as it ignores the defendant's admission that the plaintiff acquired the assets of the original plaintiff. In this regard, the defendant's argument regarding Fannie Mae lacked merit as did the appellees in *PHH Mortg. Corp. v. Powell,* 100 A.3d 611 (Pa.Super. 2014). In *Powell,* the mortgagors argued that they had raised a genuine issue of material fact because two documents "describe[d] Fannie Mae as the 'investor' and 'owner' of the [mortgagors'] loan." 100 A.3d at 621. That was insufficient to preclude the entry of summary judgment because it was not evidence that "Fannie Mae (rather than [the plaintiff]) ha[d] possession of the original Note." 100 A.3d at 621. Defendant's twelfth assignment of error lacks merit.

### 13. Defendant's Thirteenth Assignment of Error

Defendant's thirteenth assignment of error is as follows:

14

13. This Honorable Court erred when it granted summary judgment in favor of Plaintiff by failing to consider that the Note was never attached to a pleading nor seen by Defendant nor by any court until this year and that the signature is possibly a forgery. A national practice by Wells Fargo of fabricating such documents for litigation was ruled upon in *Cynthia Carrsow-Franklin v. Wells Fargo*, Case No. 10-20010 (RDD) Chapter 13 Entered 1/29/2015 (United States Bankruptcy Court, Eastern District of New York) by Judge Drain of White Plains, New York, almost immediately after the oral arguments in this case. Defendant has presented evidence of the fabrication instructions for attorneys discussed by Judge Drain in a lengthy opinion.

Concise Statement, 3/10/15, #0078, p. 5.

Defendant's thirteenth assignment of error lacks merit as raising matters not presented in response to the plaintiff's motion for summary judgment. Defendant acknowledges in her thirteenth assignment of error that the grounds relied upon did not exist prior to "almost immediately after" the matter was orally argued and thereby submitted to this court for decision. In any event, the defendant tacitly admits that the plaintiff possesses the note, and "possibly a forgery" would be insufficient to raise a genuine issue of material fact precluding summary judgment. Defendant's thirteenth assignment of error lacks merit.

### 14. **Defendant's Fourteenth Assignment of Error**

Defendant's fourteenth assignment of error is as follows:

14. This Honorable Court erred when it permitted the action to move forward to summary judgment in favor of Plaintiff despite the numerous acts of fraud perpetuated by the Plaintiff prior to and during this action. This Honorable Court has been provided with proof of fraud including, but not limited to, the fabrication of loan application information benefitting the [P]laintiff, exercise of an illegal right to offset, i[n]proper lien position, lack of recordation, and fraud in the inducement through predatory practices.

Concise Statement, 3/10/15, #0078, p. 6.

15

Defendant's fourteenth assignment of error lacks merit. It presumes, falsely, that the defendant presented to this court in opposition to the plaintiff's motion for summary judgment competent evidence to support the assertions now made on appeal that loan application information was fabricated, that the loan made was predatory, or any other of the assertions the defendant now makes by her fourteenth assignment of error. Defendant's fourteenth assignment of error lacks merit.

### 15. Defendant's Fifteenth Assignment of Error

Defendant's fifteenth assignment of error is as follows:

> 15. This Honorable Court erred when it granted summary judgment in favor of Plaintiff by honoring the fraud bars for the Truth in Lending Act (TILA) and the Real Estate Settlement Procedures Act (RESPA) since both include many specific laws and many have been amended with the new law of which Plaintiff is still in violation. Defendant's agent, Marie McDonnell, has made inquiries that have gone unanswered to this day on behalf of Defendant in violation of Federal law. Answers would enlighten this Honorable Court if provided since they speak directly to ownership of the Note and standing to bring the action.

Concise Statement, 3/10/15, #0078, p. 6.

Defendant's fifteenth assignment of error lacks merit as raising matters not presented in response to the plaintiff's motion for summary judgment.

### 16. Defendant's Sixteenth Assignment of Error

Defendant's sixteenth assignment of error is as follows:

> 16. This Honorable Court erred when it granted summary judgment in favor of Plaintiff, because it has presumed without evidence that Plaintiff has been injured when expert testimony has declared that the loan was not funded by Plaintiff.

Concise Statement, 3/10/15, #0078, p. 6.

16

Defendant's sixteenth assignment of error lacks merit as raising matters not presented in response to the plaintiff's motion for summary judgment.

### 17. Defendant's Seventeenth Assignment of Error

Defendant's seventeenth assignment of error is as follows:

> 17. This Honorable Court erred when it granted summary judgment in favor of Plaintiff by permitting the Plaintiff to mislead this Honorable Court regarding the meanings, definitions, and relationships of owners, servicers, agents, holders, and holders in due course. *Washington Mutual v. Carr*, CCP Adams County (2007), 2006 WL 2568287 (Pa.Com.Pl.), 77 Pa. D. & C.4th 136. Because Plaintiff failed to allege facts establishing the relationship between it and the original mortgagee in its mortgage-foreclosure complaint, the court granted defendant's preliminary objection based on plaintiff's lack of capacity to sue.

Concise Statement, 3/10/15, #0078, p. 6.

Defendant's seventeenth assignment of error lacks merit as not based in fact. The case of *Washington Mutual v. Carr*, CCP Adams County (2007), 2006 WL 2568287 (Pa.Com.Pl.), 77 Pa. D. & C.4th 136 was one where the plaintiff was given the opportunity to amend the complaint to allege how it became the successor-in-interest to the mortgagee. The matter now on appeal is a case where the original plaintiff alleged in its second amended complaint that it was the mortgagee and the defendant filed an answer admitting to that allegation. Defendant's seventeenth assignment of error lacks merit.

### 18. Defendant's Eighteenth Assignment of Error

Defendant's eighteenth assignment of error is as follows:

> 18. This Honorable Court erred when it granted summary judgment in favor of Plaintiff in its interpretation and/or misinterpretation of the Uniform Commercial Code as adopted under Pennsylvania law, and its understanding of conveyances and negotiable instruments, if any are applicable in this matter, as well as its understanding of assignments and recordation laws relating to securitized mortgage notes.

Concise Statement, 3/10/15, #0078, p. 7.

Defendant's eighteenth assignment of error lacks merit as its generic nature lacks

sufficient specificity to permit meaningful discussion.

### 19. Defendant's Nineteenth Assignment of Error

Defendant's nineteenth assignment of error is as follows:

> 19. This Honorable Court erred when it granted summary judgment in favor of Plaintiff when it failed to consider the lack of Plaintiff's proof of establishing a proper chain of title in the history of the instruments in question.

Concise Statement, 3/10/15, #0078, p. 7.

Defendant's nineteenth assignment of error lacks merit for reasons addressed previously.

This is a case where the original plaintiff was the mortgagee and the defendant admitted that the

plaintiff purchased the assets of the plaintiff and it followed that the plaintiff is the original

plaintiff's successor by merger. Defendant's nineteenth assignment of error lacks merit.

### 20. Defendant's Twentieth Assignment of Error

Defendant's twentieth assignment of error is as follows:

> 20. This Honorable Court erred when it granted summary judgment in favor of Plaintiff when it failed to consider that the Note was not attached to the pleadings. Since this is a suit on a contract, the contract must be attached pursuant to Pennsylvania Rule of Civil Procedure 1019.

Concise Statement, 3/10/15, #0078, p. 7.

Defendant's twentieth assignment of error lacks merit as the defendant did not file

preliminary objections to the second amended complaint filed on May 13, 2010 by the original

plaintiff. Rather, the defendant filed an answer and new matter on September 10, 2010.

18

Defendant's twentieth assignment of error therefore raises an issue that has not been preserved for appellate review.

### 21. Defendant's Twenty-First Assignment of Error

Defendant's twenty-first assignment of error is as follows:

> 21. This Honorable Court erred when it granted summary judgment in favor of Plaintiff when it failed to recognize the possibility that a Pooling and Servicing Agreement of the Trust that has been identified as including the instrument in question would play a significant role in determining the standing of this action and that Courts have recognized a homeowner's standing in matters relating to securitized loans that have been pooled into a real estate mortgage investment conduit governed by a pooling and servicing agreement.

Concise Statement, 3/10/15, #0078, p. 7.

Defendant's twenty-first assignment of error lacks merit as it refers to the defendant's argument that the "[p]laintiff or its predecessor" forfeited its rights under the mortgage for "materially violating [the] terms of a pooling and service agreement ('PSA')." Response, 8/1/14, #0055, ¶ 24. See also Sur-Sur Reply, 9/18/14, #0061, ¶ 7. It lacks merit for the same reasons addressed earlier in this opinion, in the discussion of the defendant's eleventh assignment of error, above. Defendant's twenty-first assignment of error lacks merit.

### III. CONCLUSION

Accordingly, for the reasons set forth above, it is respectfully suggested that this court's order dated January 15, 2015, entered of record on January 16, 2015, should be affirmed.

BY THE COURT:

R. STEPHEN BARRETT, J.

19

Copies mailed on 10/26/15 to:
Edward D. Conway, Esquire
Christine L. Graham, Esquire
Manrico A Troncelliti, Jr. Esquire

_Secretary_